**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
David S. Salhanick, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-5006
Fax (973) 533-0217

-and-

**VOGEL LAW FIRM**
Drew J. Hushka, Esq. *(pro hac vice to be submitted)*
Jack M. Buck, Esq. *(pro hac vice to be submitted)*
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Tel. (701) 237-6983
Fax (701) 356-6395

*Counsel to Endi Plaza LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Endi Plaza LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-20002-shl |

---

**ENDI PLAZA LLC'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION FOR STAY PENDING APPEAL**

---

### INTRODUCTION

On October 9, 2025, this Court entered its Order Graning Fannie Mae's Motion to Dismiss Chapter 11 Case and Dismissing Chapter 11 Case [ECF No. 53] (the "Order"), dismissing this Chapter 11 case, and barring Debtor Endi Plaza LLC ("Endi Plaza") from filing another bankruptcy petition for one (1) year.  Endi Plaza has appealed the Order and, consistent

4930-3856-6515 v.1

with Rules 8007 and 8025 of the Federal Rules of Bankruptcy Procedure, seeks this Court's order staying the Order during the pendency of that appeal. Respectfully, Endi Plaza avers that the likelihood of success on appeal and irreparable harm favor staying the Order during the appeal. Endi Plaza respectfully requests this Court grant its motion for stay pending appeal.

## LAW AND ARGUMENT

"On a party's motion with notice to all other parties to the appeal, the district court may stay its judgment pending an appeal to the court of appeals." Fed. R. Bankr. P. 8025(b)(1). Whether to grant a stay is within the sound discretion of the court. *See In re Anderson*, 560 B.R. 84, 88 (S.D.N.Y. 2016). In exercising this discretion, a court must consider four factors: (1) the likelihood that the party seeking the stay will prevail on the merits on appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Id.* at 88-89. Likelihood of success and irreparable injury are the most critical factors in this analysis, and the showing required under each bears an inversely proportional relationship to one another. *Id.* at 89. In other words, where irreparable injury is significant, less likelihood of success on the merits must be shown, and vice versa. *See id.* This Court should stay the Order pending appeal.

1. **Endi Plaza presents a likelihood of success on appeal.**

As to the first factor, courts in the Southern District of New York employe the "substantial possibility of success" test when determining whether an appellant is entitled to a stay pending appeal, with the test being considered an intermediate level between "possible" and "probable." *In re Anderson*, 560 B.R. at 90. Endi Plaza possesses a substantial possibility of success on appeal.

2

For-cause dismissals and time-bars on subsequent bankruptcy filings are reviewed for abuse of discretion. *See In re Casse*, 198 F.3d 327, 341 (2d Cir. 1999). A bankruptcy court abuses its discretion when its decision (1) rests on an error of law or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions, even if it is not necessarily the product of a legal error or a clearly erroneous factual finding. *J.J. Cranston Constr. Corp. v. City of N.Y.*, 669 B.R. 446, 452 (E.D.N.Y. 2025).

Additionally, the rule permitting dismissal with prejudice must be limited by the requirements of due process. *In re Leavitt*, 209 B.R. 935, 941 (Bankr. App. 9th Cir. 1997). Before imposing a sanction, like the dismissal with prejudice in this case, the court must afford the person it proposes to sanction due process, *i.e.*, notice and opportunity to be heard. *See In re Plumeri*, 434 B.R. 315, 327 (S.D.N.Y. 2010); *see also Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions.").

Here, Fannie Mae's motion to dismiss was solely premised upon a supposed bar to the bankruptcy filing imposed by a Minnesota state court receivership order. Fannie Mae's "Motion to Dismiss Chapter 11 Case and Request for Judicial Notice," Dkt. 19, made a single argument for dismissing the case, namely, "The Filing of the Debtor's Bankruptcy Petition was Prohibited by the Receivership Order." *Id*. at 12. The words "bad faith" did not appear in Fannie Mae's moving papers, and the proposed order submitted by Fannie Fae stated in relevant part, "The Motion is granted. The Court dismissed this Bankruptcy Case as being filed without proper authority."

As Endi Plaza's alleged bad faith was not the basis of Fannie Mae's dismissal motion, Endi Plaza's objection to the motion did not brief the issue of bad faith.

3

When the issue of bad faith arose at the hearing on the motion held on August 27, 2025, Endi Plaza requested an evidentiary hearing on issues surrounding dismissal for bad faith. *See* Tr. of Hr'g on Aug. 27, 2025, at 30:17-22. Despite Endi Plaza's request, this Court, without an evidentiary hearing, granted Fannie Mae's motion based on its supposed bad faith — which, again, was not the basis of Fannie Mae's motion — and prohibited Endi Plaza from filing any future bankruptcy petition for the next 12 months.

Endi Plaza's due process rights were violated by the Court dismissing the case and barring Endi Plaza from filing a bankruptcy petition for 12 months based on alleged bad faith even though that was not the basis of Fannie Mae's motion, the parties never briefed the issue, and Endi Plaza was never afforded the opportunity to present evidence rebutting the alleged bad faith at an evidentiary hearing. *See In re Muessel*, 292 B.R. 712, 717 (1st Cir. BAP 2003) ("[B]oth the Bankruptcy Code and Bankruptcy Rules require prior notice to the debtor of any hearing, accompanied *by a motion or order to show cause specifying the reasons for dismissal*, before dismissal may be considered. Even in the absence of the statutory requirements for notice, fundamental concepts of procedural due process would require notice to the Debtor and an opportunity to be heard on the bankruptcy court's reasons for dismissal.") (emphasis added); *Martin v. Awve*, 558 B.R. 889 (W.D. Wis. 2016) (sua sponte dismissal of case was improper because debtor was entitled to notice and an opportunity to oppose dismissal, notwithstanding that it appeared the case was filed to upset a divorce proceeding.); *In re C-Tc 9th Ave. P'ship*, 113 F.3d 1304, 1312 (2d Cir. 1997) (due process requires providing a debtor an opportunity to address issues of ample evidentiary record before dismissal for bad faith).

For these reasons, Endi Plaza has a substantial possibility of success on its appeal for reversal of the Order dismissing its case and imposing the sanction of a filing bar without the

4

requested evidentiary hearing in violation of due process requirements. Thus, the first factor concerning likelihood of success weighs in favor of granting a stay pending appeal.

    **2.    Endi Plaza will be irreparably harmed absent a stay.**

As to the second factor, a showing of probable irreparable harm is the "principal prerequisite" for issuing a stay under Rule 8007 and 8025, and such harm "must be 'neither remote nor speculative, but actual and imminent.'" *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016) (citing *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (citations omitted)). Again, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury that the plaintiff will suffer absent the stay; simply stated, "more of one excuses less of the other." *In re 473 West End Realty Corp.*, 507 B.R. 496, 502 (Bankr. S.D.N.Y. 2014) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quotations omitted)).

Endi Plaza faces actual, imminent harm if this Court does not stay this matter pending appeal. Specifically, Endi Plaza will be faced with foreclosure and receivership, which will be irreparable, if this matter is not stayed pending appeal. Due to Endi Plaza's imminent irreparable harm, the second factor weighs heavily in favor of granting Endi Plaza's motion for stay pending appeal.

    **3. A stay would not substantially injure Fannie Mae.**

As to the third factor, a movant must establish that other parties will not suffer substantial harm if a stay is granted. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay." *In re Sabine Oil*, 548 B.R. at 682 (citing *Adelphia*, 361 B.R. at 349) (citations omitted).

Fannie Mae would not be harmed if the stay was granted. As the Court has acknowledged, Endi Plaza's asset is producing significant rent of approximately $370,000.00

5

per month. *See* Tr. of Hr'g on Sept. 18, 2025, at 11:15-16. Those funds are going into the now-established DIP account, to which Endi Plaza has not received authorization to utilize. Moreover, there has been no allegation that Endi Plaza has engaged in wrongful post-petition conduct. In other words, even if a stay were granted, Fannie Mae's secure claim will not be further impaired. The third factor weighs in favor of granting Endi Plaza's motion.

### 4. The public interests favor a stay.

Finally, the Court considers public interests that may be affected. *See In re Golden*, 671 B.R. at 650-51. As this Court knows, the principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor. *See In re Brody*, 671 B.R. 34, 41 (S.D.N.Y. 2025). That public policy interest would be harmed if the Order is not stayed because, absent a stay of the Court's Order, the foreclosure of the real property during the pendency of the appeal would likely deprive Endi Plaza of the possibility of its fresh start. Additionally, public policy favors the saving of judicial resources. *See Sutherland v. Ernst & Young LLP*, 856 F.Supp.2d 638, 644 (S.D.N.Y. 2012) ("[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary." (citing *Payne v. Jumeirah Hosp. & Leisure (USA) Inc.*, 808 F.Supp.2d 604, 604 (S.D.N.Y. 2011)) (citations omitted)). Staying the Order would preserve limited judicial resources in the Minnesota state court litigation that would be unnecessary in the event that the Order is reversed.

6

## CONCLUSION

In sum, Endi Plaza's likelihood of success on appeal and irreparable injury weigh heavily in favor of granting a stay pending appeal. The public interests, and the fact that Fannie Mae nor any other creditor will incur substantial injury if this matter is stayed further weigh in favor of granting Endi Plaza's motion. The balance of the factors weigh in favor of staying this matter, and Endi Plaza respectfully requests this Court grant its motion for stay pending appeal.

Dated: October 23, 2025

**A.Y. STRAUSS LLC**

By: /s/ Eric Horn
Eric H. Horn, Esq.
David S. Salhanick, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-5006
Fax (973) 533-0217

-and-

**VOGEL LAW FIRM**
Drew J. Hushka, Esq. *(pro hac vice to be submitted)*
Jack M. Buck, Esq. *(pro hac vice to be submitted)*
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Tel. (701) 237-6983
Fax (701) 356-6395

*Counsel to Endi Plaza LLC*